Filed 2/29/16  P. v. Carter CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Nevada)

----

| | |
|---|---|
| THE PEOPLE, | C079214 |
| Plaintiff and Respondent, | (Super. Ct. No. TF15-000080) |
| v. | |
| JOEL WILLIAM CARTER, | |
| Defendant and Appellant. | |

Defendant Joel William Carter pleaded no contest to corporal injury to a spouse (Pen. Code, § 273.5, subd. (a))[1] and stalking (§ 646.9, subd. (a)), and admitted he was previously convicted of a strike offense.  The trial court sentenced defendant to an aggregate term of seven years four months in state prison.

On appeal, defendant contends the trial court wrongly failed to calculate his presentence conduct credit and break down the fines and fees on the record.  The People

---

[1] Undesignated statutory references are to the Penal Code.

concede the errors.  We accept the People's concessions and remand the matter accordingly.

## FACTUAL BACKGROUND[2]

Following defendant's conviction, the trial court sentenced him to seven years four months in state prison in accordance with defendant's plea agreement.  The court then awarded defendant 76 days of presentence custody credit but no conduct credit, finding the "CDC is supposed to calculate, upon [defendant's] admission, his right to good time, work time, so we'll leave that to him."

The court also ordered defendant to pay various fines and fees, as follows:  "So the $200 base fine on [section] 273.5 would get tacked up to $735 with penalty assessments; $300 payable to the victim restitution fund; an additional $300 imposed but suspended under [section] 1202.45, this he would only have to pay if his eventual parole is revoked. $40 court security fee, $30 facility fee.

"With respect to Count Four, the [section] 646.9, another $200 base which is [$]735 with penalty assessments, another $40 security fee, another $30 facilities fee, $500 awarded to the county for the presentencing report.

"Restitution ordered in the amount of $732 payable to the California Victim Compensation Program.  Fines and fees to the county stayed until that restitution is paid in full."

Defendant appealed without a certificate of probable cause.  Defendant moved this court for permission to seek a certificate of probable cause in the trial court; we denied his request.

---

[2]  We omit the details of defendant's crime as they are not relevant to the issues raised on appeal.

## DISCUSSION

Defendant contends the trial court failed both to recite orally and include in the abstract of judgment the statutory basis for the fines, fees, and penalty assessments imposed at sentencing. The People concede the error. We agree the matter should be remanded to allow the trial court to break down and identify the statutory basis for all the fines, fees, and penalty assessments imposed at sentencing both orally and in the abstract of judgment. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200-1201.)[3]

Defendant further contends the trial court erred in failing to calculate his presentence conduct credit and record it on the abstract of judgment. Again, the People concede the error. We accept the People's concession.

Credit for time served prior to sentencing, including conduct credit, is to be calculated by the sentencing court at the time of sentencing, with the total number of days recorded in the abstract of judgment. (Cal. Rules of Court, rule 4.310; *People v. Duff* (2010) 50 Cal.4th 787, 793, citing § 2900.5, subd. (d); *People v. Buckhalter* (2001) 26 Cal.4th 20, 30.) Here, the trial court wrongly believed defendant's presentence conduct credit should be calculated by the Department of Corrections and Rehabilitation. Accordingly, the matter shall be remanded to allow the trial court to calculate those credits.

## DISPOSITION

The matter is remanded to the trial court with directions to calculate and award any presentence conduct credit to which defendant is entitled, and for proper imposition of fees. The trial court is further directed to amend the abstract of judgment accordingly

---

[3] We note the presentence probation report did not assist the trial court here as it failed to include the statutory basis for any of the recommended fines and fees, with the exception of the parole revocation fine.

and send a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects the judgment is affirmed.


                                                 _____BUTZ_____, J.


We concur:


_____ROBIE_____, Acting P. J.


_____RENNER_____, J.

4